```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

CRISTINA DENIS,

    Plaintiff,

v.                              Case No:  2:21-cv-24-JES-NPM

TARGET CORPORATION,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Summary Judgment (Doc. #37) filed on March 3, 2022. Plaintiff filed a Response (Doc. #43) on March 23, 2022, to which defendant filed a Reply (Doc. #44). For the reasons set forth, the motion is **GRANTED**.

**I.**

Plaintiff Cristina Denis' (plaintiff or Mrs. Denis) Complaint (Doc. #4) sets forth one claim of premises liability negligence arising from a slip-and-fall on a transitory substance against Defendant Target Corporation (defendant or Target). For summary judgment purposes, the Court adopts Target's statement of material facts, which was not opposed by Mrs. Denis and is supported by the record evidence:

> 1. On June 1, 2019, Ms. Denis was shopping at the Target store located at 2415 Tarpon Bay Boulevard, Naples, Florida 34119. While

shopping, she slipped and fell in a blue liquid substance and contends to have sustained injury.



\* \* \*

3. On the day of the accident Plaintiff was shopping with her husband for a men's shirt. They had picked up the item they were intending to purchase and walking through the store. Plaintiff was not pushing a shopping cart and does not recall holding anything in her hands beyond possibly her cell phone.

4. On their way to pay for the item, Plaintiff slipped and fell at 7:18:21 [PM]. Her fall was captured by Target's video surveillance system.

5. Prior to the fall, neither Plaintiff nor Mr. Denis saw the substance on the floor.

6. The Plaintiff and Mr. Denis were not able to identify what the substance was other than to say it looked like a blue liquid.

7. They were not able to identify the source of the substance.

8. The Plaintiff and Mr. Denis did not know how long the substance was present on the floor.

9. The Plaintiff and Mr. Denis did not see any dirt, debris, or track marks in the substance. Mr. Denis photographed the substance after the Plaintiff fell and the photos also do not depict any dirt, debris or evidence that they had been tracked through.

10. Target employee Isaac Gomez was putting away a box in a nearby aisle and heard the incident. He was the first employee to respond.

11. Mr. Gomez was not able to identify the source of the spill and testified that the products in the area of the fall were seasonal patio equipment such as chairs, empty pots, and hoses.

12. Mr. Gomez did not see the substance at any time prior to the fall and, if he had seen the substance, he would have cleaned it up in accordance with his training and Target policy and procedure.

13. Mr. Gomez called over his walkie for a manager after coming upon the fall and Nicholas Rodriguez and Brian Harrington responded to the incident.

14. Mr. Rodriguez was responsible for preparing the various incident reports to document the event and investigated the incident to prepare the necessary reports.

15. At the scene, Mr. Ramirez attempted to identify the source of the liquid but was not able to find it and had no information about how the spill got there.

16. Mr. Ramirez testified that all employees are trained and have a shared responsibility for store safety, including addressing and cleaning up any known spills.

17. Additionally, Target had an outside cleaning crew who performed store maintenance, including cleaning the floors.

> 18. Mr. Ramirez did not see the substance prior to the fall and did not discovery any Target employee who came across the substance before the fall occurred during the course of his investigation.

(Doc. #37, pp. 3-6 (internal citations omitted) (photographs added); Doc. #37-1, pp. 83-84.)

## II.

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own

4

affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson, 357 F.3d at 1260 (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts.")).

**III.**

A negligence claim under Florida law has four elements: "(1) a duty by defendant to conform to a certain standard of conduct;

5

(2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." Encarnacion v. Lifemark Hosps. of Fla., 211 So. 3d 275, 277–78 (Fla. 3d DCA 2017) (quotation omitted). It is undisputed that Mrs. Denis was a business invitee of Target, therefore, Target owed a duty to Denis "to take ordinary and reasonable care to keep its premises reasonably safe." Norman v. DCI Biologicals Dunedin, LLC, 301 So. 3d 425, 427 (Fla. 2d DCA 2020). "However, where a business invitee slips and falls on a 'transitory substance' in a business establishment as occurred here, proof of the breach element of the claim against an owner of the establishment is statutorily constrained by section 768.0755 of the Florida Statutes." Encarnacion, 211 So. 3d at 278. Section 768.0755 requires the plaintiff prove that the business establishment had actual or constructive knowledge of the dangerous condition before liability may be found. N. Lauderdale Supermarket, Inc. v. Puentes, 332 So.3d 526 (Fla. 4th DCA 2021).

"Actual knowledge of a dangerous condition exists when a business owner's employees or agents know of or create the dangerous condition." Palavicini v. Wal-Mart Stores E., LP, 787 F. App'x 1007, 1010 (11th Cir. 2019) (citing Barbour v. Brinker Fla., Inc., 801 So. 2d 953, 957 (Fla. 5th DCA 2001)). "Constructive knowledge may be proven by circumstantial evidence showing that: (a) The dangerous condition existed for such a length

6

of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1)(a)-(b).

The record is undisputed that Target did not have actual knowledge of the blue liquid because there is no evidence that Target knew about it prior to Mrs. Denis' fall or that Target created the dangerous condition. There is also no evidence that the blue liquid occurred with regularity and was foreseeable. Mrs. Denis' claim at this summary judgment stage, therefore, turns on whether there is a dispute of fact regarding the length of time the blue liquid was on the floor. Fla. Stat. § 768.0755(1)(a).

For the length of time, Florida courts look to a variety of circumstances, but require some sort of "plus" evidence – "namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough." Encarnacion, 211 So. 3d at 278 (citing Wilson–Greene v. City of Miami, No. 208 So.3d 1271 (Fla. 3d DCA Jan. 25, 2017)). For example, "[s]ometimes the offending liquid was dirty, scuffed, or had grocery-cart track marks running through it. Other evidence such as footprints, prior track marks, changes in consistency, or drying of the liquid have also tended to show that the liquid was on the floor for an amount of time sufficient to impute

7

constructive notice." Norman, 301 So. 3d at 429 (cleaned up) (collecting cases).

Mrs. Denis' "plus" evidence is that a Target employee, Mr. Gomez, was "in the vicinity" of the blue liquid. The video provided by Target helps demonstrates Mr. Gomez's vicinity to the spill. (Doc. #37, ¶ 4.) The video shows the following:


At 7:18:18, Mr. Denis appears, pulling a shopping cart from left to right on the screen.


At 7:18:22, Mrs. Denis on the ground, in the lower right-hand corner of the screen.


At 7:18:27, Mr. Denis reaches down to help her.

8



At 7:18:41, Mr. Denis looks to his right, then points to something on the floor.



At 7:18:48, Mr. Gomez appears, puts down a large box, talks into a walkie-talkie, and begins to help Ms. Denis.

Mrs. Denis asserts that Mr. Gomez's vicinity to the spill creates a genuine issue of fact on Target's constructive knowledge. In support, she primarily relies on Torres v. Wal-Mart Stores E., L.P., 555 F. Supp. 3d 1276 (S.D. Fla. 2021). In Torres, the District Court denied Wal-Mart's motion for summary judgment because a reasonable jury could infer constructive knowledge due to evidence demonstrating: (1) the puddle had "a footprint from another customer, at least three track marks from different shopping carts, and the evident effects of evaporation (a process that, as any middle schooler knows, takes time)"; (2) "a few minutes before Torres fell, a Wal-Mart employee walked through that very same aisle without ever looking down at the floor;" (3) the employee's failure to look down was a "clear violation of Wal-Mart's standard policies," which required employees to "always" check to see if there was anything on the floor while walking; and

9

(4) knowledge that "the roof in that particular Wal-Mart tend[ed] to leak when it rains—a factor that should've put Wal-Mart's employees on high alert for dangerous puddles on what was indisputably a rainy day." See generally, id.

The abundance of evidence presented in Torres, from which a jury could infer constructive knowledge, is not present here. In the 20 minutes preceding Mrs. Denis' fall, the surveillance video shows at least ten customers walking through the area, some with carts and strollers. Yet, as Mrs. Denis concedes, there are no track marks, dirt, or other evidence related to the blue liquid. The only evidence Mrs. Denis points to is Mr. Gomez's "vicinity to the spill." But the undisputed material facts show that Mr. Gomez was only *somewhere* in the general sporting goods section of Target where Mrs. Denis' fall occurred. Mr. Gomez was more than several feet away from the blue liquid – it took him over 20 seconds to appear on the video screen to help Mrs. Denis, suggesting that Mr. Gomez was several aisles away from the blue liquid. Mr. Gomez also had no line of site of Mrs. Denis' fall, responding after he heard the incident. Mrs. Denis presents no evidence that Mr. Gomez (or another Target employee) walked through that area before Mrs. Denis' fall to see the blue liquid or how Mr. Gomez being somewhere in the area could allow a reasonable jury to infer constructive knowledge.

Other courts have granted summary judgment in similar situations when the only evidence is an employee somewhere near the condition. E.g., Oliver v. Winn-Dixie Stores, Inc., 291 So. 3d 126, 129 (Fla. 4th DCA 2020) (video of employee walking through area four times in the 30-minute period before fall did not create dispute of fact when the video was unclear where employee was looking and employee averred that he did not see grape); Hamideh v. K-Mart Corp., 648 So. 2d 824, 825 (Fla. 3d DCA 1995) ("The fact that a store employee may have been stocking shelves with shampoo bottles in the same aisle where the plaintiff slipped and fell on a substance that may have been shampoo is insufficient, without more, to create ... [a] reasonable inference that the defendant had either actual or constructive notice of the dangerous condition."); Donnelly v. Wal-Mart Stores E., LP, 844 F. App'x 164, 170 (11th Cir. 2021) (affirming summary judgment in part because employee not in "immediate vicinity of the spill"); Borroto v. Wal-Mart Stores E., LP, No. 219CV356FTM38NPM, 2020 WL 6591193, at *4 (M.D. Fla. Nov. 10, 2020) (summary judgment granted for business when absent additional facts, employee "several feet from spill" of "clear three- or four-inch puddle" of water could not establish constructive knowledge); Straube v. Moran Foods, LLC, No. 8:16-CV-49-T-24 AEP, 2016 WL 6246539, at *3 (M.D. Fla. Oct. 25, 2016) ("employees were several feet away from where Plaintiff fell" and "the mere presence of these employees is not sufficient

11

evidence to allow a reasonable jury to conclude that Defendant should have been on notice of the spill"); Garcia v. Target Corp., No. 12-20135-CIV, 2013 WL 12101087, at *2 (S.D. Fla. Feb. 26, 2013) ("Though there were two employees about ten to fifteen feet away in a carpeted area hanging clothes, there is no indication that they had a view of the tiled aisle so that they could have seen the liquid."). Cf. Markowitz v. Helen Homes of Kendall Corp., 826 So. 2d 256, 258 (Fla. 2002) (summary judgment for business reversed due to issue of fact concerning "constructive notice of the particular grape on which [plaintiff] slipped and fell because three of its employees were in the immediate vicinity—and one was standing within inches of the grape); Thompson v. Wal-Mart Stores E., L.P., No. 20-61907-CIV, 2022 WL 59678, at *10 (S.D. Fla. Jan. 6, 2022) (denying summary judgment in part because "footage in our case confirms that not one but three Wal-Mart employees absentmindedly ambled past the puddle just moments before Thompson fell—all without ever looking down at the floor.").

Target has carried its burden of showing there is no genuine dispute of material fact and it is entitled to judgment as a matter of law. To defeat Target's motion, Mrs. Denis needed to point to some evidence which could support a reasonable inference that Target had constructive knowledge of the blue liquid. Mrs. Denis has not done so. She presented no material facts which could support a reasonable inference that Mr. Gomez could or should have

seen the blue liquid.  A decision in Mrs. Denis' favor would require a jury to speculate that Mr. Gomez was somehow close enough to the three- or four- inch puddle of blue liquid that he should or could have seen it.  Therefore, Target's motion is granted.

Accordingly, it is now

**ORDERED:**

1. Defendant Target Corporation's Motion for Final Summary Judgment (Doc. #37) is **GRANTED.**
2. The Clerk shall enter judgment, terminate all deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record